UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| McKINNIS ARMSTRONG, FOR HIMSELF AND ON BEHALF OF HIS JUDICIALLY PLACED GRANDAUGHTER, KEANDRIA AUGUSTINE, AND CYNTHIA ARMSTRONG, WIFE OF McKINNIS ARMSTRONG, INDIVIDUALLY AND ON BEHALF OF A CLASS OF PERSONS SIMILARLY SITUATED | CIVIL ACTION NO.  JUDGE  MAG.  TRIAL BY JURY  CLASS REQUESTED |
| VERSUS | |
| MULTI-CHEM GROUP, L.L.C., AND XYZ INSURANCE COMPANY | |

## CLASS ACTION COMPLAINT

NOW COME McKINNIS ARMSTRONG, FOR HIMSELF AND ON BEHALF OF HIS JUDICIALLY PLACED GRANDAUGHTER, KEANDRIA AUGUSTINE, AND CYNTHIA ARMSTRONG, WIFE OF McKINNIS ARMSTRONG, Individually and on Behalf of a Class of Persons Similarly Situated, through undersigned counsel, who with respect represent:

1.

Jurisdiction is founded upon 28 U.S.C. 1332. Venue is proper because Defendant Multi-Chem Group, L.L.C.'s registered office is located at 1011 N. Causeway Blvd., Ste. 3 in Mandeville, Louisiana in the Eastern District of Louisiana.

2.

Made defendants herein are:

**Multi-Chem Group, L.L.C.**, a non-Louisiana limited liability corporation licensed to do and doing business in the State of Louisiana, at all times pertinent the owner and operator of a chemical plant located at 3401 West Admiral Doyle Drive, New Iberia, LA.

**XYZ Insurance Company**, a foreign, alien or domestic insurer licensed to do and doing business in the State of Louisiana which had issued to Multi-Chem, L.L.C. a policy of liability insurance providing coverage for the liabilities and damages alleged herein.

3.

Plaintiffs, McKinnis Armstrong and Cynthia Armstrong, are married to one another and major citizens of the State of Louisiana, residing and domiciled at #9 Cedar Hill Circle, New Iberia, Louisiana, situated in close proximity to, approximately two (2) miles from, the aforesaid chemical plant. They live at that location with their minor granddaughter, Keandria Augustine, whose custody was awarded them by Court Order.

4.

On or about June 14, 2011, due to the negligence of Multi-Chem Group, L.L.C., Plaintiffs' persons and property were exposed to and harmed by toxic, dangerous and/or noxious chemicals, fluids, liquids, gasses, fumes, aerosols, carcinogens, particulates, reagents, and/or other such substances, when the aforesaid chemical plant exploded and burned, releasing said materials into the atmosphere. This release is ongoing and continuous, and will continue in to the future.

5.

Multi-Chem, L.L.C. is negligent in the following non-exhaustive particulars:

a. Failure to design, implement or adhere to adequate safety policy and preventative measures;

b. Failure to adhere to reasonably safe practices;

c. Failure to control chemical processes;

d. Failure to adequately inspect, detect hazards or defects, maintain, repair, replace, and remedy so as to prevent explosion and fire;

e. Failure to warn;

f. Failure to act in reasonable manner;

g. Failure to comply with regulations, laws, statutes and ordinances;

h. Failure to meet applicable standards of care;

i. Failure to contain explosion and fire;

j. Any and all others proven.

6.

As a direct and proximate result of all of the foregoing, Plaintiffs' persons and/or their property ingested, inhaled, absorbed or were otherwise exposed or adulterated in the manner described above, proximately resulting in the following, past and future:

a. Loss of property;

b. Loss of use of property;

c. Diminution of value of property;

    d.      Stigmatization of property;

    e.      Displacement from property;

    f.      Medical diseases, conditions, illnesses and death;

    g.      Fear of diseases, conditions, illnesses and death;

    h.      Lost chance of survival;

    i.      Lost life expectancy;

    j.      Physical and mental pain, suffering and anguish;

    k.      Medical expense;

    l.      Aggravation of preexisting diseases, injuries and/or conditions;

    m.      Physical, functional and anatomical disabilities, disfigurements and impairments;

    n.      Any and all others proven.

**7.**

Plaintiffs and the class they seek to represent are residents of and/or persons present in the area surrounding the Multi-Chem, L.L.C. facility described above on June 14, 2011, whose persons and/or property were exposed to and/or affected by the materials described above and who suffered any of the damages described above. Named Plaintiffs bring this action individually and as representatives of all similarly situated persons pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure.

**8.**

This class action meets the prerequisites for the maintenance of a class action as set forth in Rule 23 of the Federal Rules of Civil Procedure in that:

(a) The members of the Class are so numerous that their individual joinder is impracticable. Since the Class may be identified and/or verified from business and public records, the number and identities of members of each of the classes can be ascertained;

(b) A substantial majority of all factual, legal, statutory, declaratory, and injunctive relief issues that are raised in this Complaint are common to the Class and will apply uniformly to every member of the Class;

(c) The claims of the representative Plaintiffs are typical of the claims of each member of the Class. Plaintiffs, like all other members of the Class, have sustained damages arising from Defendants' violations of the laws of the State of Louisiana and/or the law of the United States. Plaintiffs and the members of the Class were and are similarly or identically harmed by the same negligent and unlawful conduct engaged in by the Defendants;

(d) The representative Plaintiffs will fairly and adequately represent and protect the interests of the Class, and have retained counsel who are competent and experienced in class action litigation. There are no material conflicts between the claims of the representative Plaintiffs and the members of the Classes that would make class certification inappropriate. Counsel for the Class will vigorously assert the claims of all Class Members.

**9.**

This action is properly maintained as a Class Action pursuant to Rule 23(b) of the Federal Rules of Civil Procedure in that:

(a) Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the Plaintiff Class will create the risk of:

1) Inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for the parties opposing the Class; or,

2) Adjudication with respect to individual members of the Class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests; or

(b) The parties opposing the Class have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole; or

(c) Common questions of law and fact exist as to the members of the Class and predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1) The interests of the members of the Class in individually controlling the prosecution or defense of separate actions;

2) The extent and nature of any litigation concerning the controversy already commenced by or against members of the Class;

3) The desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

4) The difficulties likely to be encountered in the management of a class action.

**10.**

As to the issues raised in this case, a class action is superior to all other methods for the fair and efficient adjudication of this controversy, since joinder of all class members is impracticable and since many legal and factual questions to be adjudicated apply uniformly to all class members. Further, the expense and burden of individual actions makes it difficult for all class members to individually redress the wrongs they have suffered. There will be substantially less difficulty in managing this case as a class action than as tens of thousands of individual actions.

**11.**

The class action is superior to other available methods for a fair and efficient adjudication of the claims presented by this Complaint and would reduce the financial, administrative and procedural burdens on the parties and on the Court which individual litigation otherwise would impose.

**WHEREFORE**, Plaintiffs pray that Defendants be duly summoned, served copies of the above and foregoing, and be made to appear and answer same, that this matter be certified for class treatment, and that after all due proceedings be had, there be judgment in favor of the named plaintiffs and class they seek to represent and against Defendants, holding Defendants

liable for an amount reasonable in the premises, together with judicial interest thereon from the date of judicial demand until paid, for Defendants to bear all costs of these proceedings, and for all additional legal, general and equitable relief under the circumstances.

Plaintiffs pray for a **TRIAL BY JURY**.

Respectfully submitted,

*/s/ Brian A. Gilbert*
Brian A. Gilbert, Esq. (21297)
LAW OFFICE OF BRIAN A. GILBERT, P.L.C.
2030 St. Charles Avenue
New Orleans, Louisiana 70113
Telephone: (504) 598-1000
Facsimile: (504) 524-1024
bgilbert@briangilbertlaw.com

**PLEASE ISSUE SUMMONS TO:**

Multi-Chem Group, L.L.C.
Through its Registered Agent
National Registered Agents, Inc.
1011 N. Causeway Blvd., Ste. 3
Mandeville, La 70471